**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH F. OLIVARES,

       Plaintiff,                   CIVIL ACTION NO. 13-CV-12982

vs.

                                   DISTRICT JUDGE VICTORIA A. ROBERTS

BETH YAROCH, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (DOCKET NO. 26)

This matter comes before the Court on Plaintiff's "Notice and Motion to Compel and For Sanctions F.R.C.P. 26 and 37 and Entry of Order Voiding Consent Judgment." (Docket no. 26). Defendants filed a response which was subsequently terminated and no further response was filed. (Docket no. 34). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff moves for an order compelling the Ann Arbor Housing Commission, Defendants Yaroch and Hall, and their respective counsel, James Fink and Matthew Brauer, to provide him with all documents within their possession, when requested, including the August 2012 Notice of Termination. He also moves for sanctions in the amount of $100,000 due to defense counsel's "ongoing malice towards Plaintiff by filing in the wrong division of the District Court and ongoing refusal to provide Plaintiff with written documents within their possession...."

First, Plaintiff moves for an order compelling the Ann Arbor Housing Commission, Defendants Yaroch and Hall, and their respective counsel to produce the August 2012 Notice of Termination. He states that Defendants should have produced the Notice of Termination as part of their initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Plaintiff then attached the very same Notice of Termination to his motion. By attaching the Notice of Termination to his motion Plaintiff has shown that Court that he already has possession of the document. Plaintiff has not specifically identified any other document that Defendants have allegedly withheld, nor has he shown that he served formal discovery requests on Defendants in accordance with the Federal Rules which Defendants have failed to answer. Therefore, the Court will not order Defendants Yaroch and Hall or their attorney, Matthew Brauer, to produce any documents. Furthermore, the Ann Arbor Housing Commission is not a party to this action at this time and Plaintiff has not shown that he served this entity with a subpoena requesting documents. Accordingly, the Court will deny Plaintiff's motion to compel documents from the Ann Arbor Housing Commission or from attorney James Fink.

Next, Plaintiff moves for an order requesting sanctions due to defense counsel's ongoing malice toward Plaintiff by filing in the wrong division of the District Court and refusal to provide him with written documents. Since the inception of this case Plaintiff has repeatedly stated in various filings that this case should be transferred to Ann Arbor because it is closer to his home in Ypsilanti, Michigan and because the events giving rise to the complaint occurred in Ann Arbor. The Court held a status conference on November 26, 2013 to address this issue with Plaintiff and defense counsel. Defense counsel appeared at the status conference in person and Plaintiff appeared via telephone. During the status conference the undersigned explained to Plaintiff that his case has been

randomly assigned to this Court and cannot be reassigned upon his request to Ann Arbor. The undersigned also explained that Defendants had no role in the assignment of this case. Plaintiff confirmed at the time that he was able to take public transportation to attend any necessary hearings or trial, and he stated that he was willing and able to prosecute his case in this Court. Therefore the Court will deny Plaintiff's request for sanctions.

Finally, the caption of the instant motion asks for an order voiding a consent judgment. On August 12, 2013, the Honorable Joseph F. Burke of the 15th District Court entered a Consent Order of Conditional Dismissal in a landlord tenant action filed by the Ann Arbor Housing Commission against Plaintiff Olivares. (Docket no. 23, ex. A). Plaintiff does not cite binding authority by which this Court may void that order. The Court will deny Plaintiff's request to do so. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004) (The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits the federal district court from engaging in appellate review of state court judgments and of those claims inextricably intertwined with an issue raised in a state court proceeding); *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment."); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (In order to apply the *Rooker-Feldman* doctrine, the court must find that the plaintiff was a party to the underlying state court proceedings).

**IT IS THEREFORE ORDERED** that Plaintiff's "Notice and Motion to Compel and For Sanctions F.R.C.P. 26 and 37 and Entry of Order Voiding Consent Judgment" (docket no. 26) is **DENIED**.

3

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: March 13, 2014                    s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Joseph Olivares and Counsel of Record on this date.

Dated: March 13, 2014                    s/ L. Bartlett
                                                         Case Manager