UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OLIVARES,

        Plaintiff,                         CIVIL ACTION NO. 13-CV-12982

vs.

                                         DISTRICT JUDGE VICTORIA A. ROBERTS

BETH YAROCH, et al.,             MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (DOCKET NO. 27), DENYING PLAINTIFF'S MOTION UNDER RULE 19 (DOCKET NO. 35), AND DENYING PLAINTIFF'S MOTION REQUESTING MANDATORY JOINDER OF THE ANN ARBOR HOUSING AUTHORITY (DOCKET NO. 39)**

This matter comes before the Court on several motions. The first motion is Plaintiff's motion for leave to file a supplemental complaint. (Docket no. 27). Plaintiff also filed an amendment to his supplemental complaint. (Docket no. 31). Defendants filed a response. (Docket no. 33). The second motion is Plaintiff's motion under Rule 19 and complaint for damages under 42 U.S.C. 1981, 1982, 1983 as to the Ann Arbor Housing Commission. (Docket no. 35). Defendants filed a response. (Docket no. 36). The third motion is Plaintiff's motion requesting mandatory joinder of the Ann Arbor Housing Authority. (Docket no. 39). Defendants filed a response, to which Plaintiff filed a reply. (Docket nos. 40, 41). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(A).

1

Plaintiff was a tenant in an Ann Arbor Housing Commission (AAHC) apartment complex on Miller Avenue in Ann Arbor, Michigan. On July 13, 2012 the AAHC served Plaintiff with a "Grievance Procedure for Non-Payment of Rent" and a "Notice to Quit, Termination of Tenancy." The notices informed Plaintiff that the AAHC was terminating his tenancy and evicting him from the premises. Plaintiff was given until August 15, 2012 to move from his apartment or face eviction proceedings. (Docket no. 29, ex. D). At some unknown time the AAHC filed an action against Plaintiff in the 15th District Court of the State of Michigan to evict Plaintiff from the apartment unit. On August 12, 2013, the Honorable Joseph F. Burke of the 15th District Court entered a Consent Order of Conditional Dismissal which ordered Plaintiff to vacate the premises on or before September 13, 2013. (Docket no. 33, ex. A). In accordance with the Order the AAHC was required to compensate Plaintiff Olivares for moving expenses and, upon request by Plaintiff Olivares, provide him housing in an AAHC unit until December 31, 2013, or in the alternative, provide a predetermined amount of rental assistance. On September 25, 2013 Judge Burke entered a Consent Order of Dismissal with Prejudice, dismissing the action with prejudice and closing the case. (Docket no. 33, ex. A).

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 in June 2013 in the 22nd Circuit Court for the County of Washtenaw. (Docket no. 1). Defendants removed the action to this Court on July 11, 2013. The named Defendants in this action are Jennifer Hall, the Executive Director of the AAHC, and Beth Yaroch, an employee of the AAHC and allegedly the housing manager of the apartment complex on Miller Avenue. The original complaint generally alleges that Defendants harassed Plaintiff by filing a fraudulent notice of termination and unlawfully removed Plaintiff from tenancy in the Miller Avenue apartment complex. The complaint further states that

2

Defendants caused the notice of termination and complaint for eviction to be filed after he refused Defendants' demand to undergo mental health treatment through the Ann Arbor Veteran's Hospital. Plaintiff alleges in the complaint that Defendant Yaroch and two non-parties made false statements in a mental health petition that caused him to be subjected to a two day mental health evaluation at the Veteran's Hospital. The complaint seeks monetary damages against Defendants Hall and Yaroch for damages caused in their individual capacities.

Plaintiff has filed a motion for leave to file a supplemental complaint and motions requesting mandatory joinder of the AAHC. In his motion for leave to file a supplemental complaint, Plaintiff moves for leave to supplement his complaint without waiving the original complaint. (Docket no. 27). Plaintiff contends in the motion that the instant complaint filed in the 22nd District Court against Defendants Yaroch and Hall was intended to act as a counterclaim to the AAHC's action in the 15th District Court. He states that the instant complaint, which he describes as a complaint for retaliatory eviction under 42 U.S.C. § 1983, should never have been removed to this Court. He also states that his complaint seeks damages for injuries suffered in losing public housing. Plaintiff states that he had to pay an additional $120.00 per month in rent and he lost the benefit of certain amenities when he was evicted from the AAHC rental unit. He claims that the AAHC's notice of termination was frivolous, claims that he was under duress during the eviction proceeding because he was subjected to a nonjury trial in the 15th District Court, and states that the 15th District Court dismissed the notice of termination with prejudice in violation of federal and state law.

Plaintiff's next motion is entitled "Plaintiff's Motion under FRCP 19, Based on Defendant's Exhibit E and Complaint for Damages under 42 U.S.C. 1981, 1982, 1983, as to the Ann Arbor Housing Commission, as a Fraud on the Court, in Violation of the 14th Amendment of the United

States Constitution." (Docket no. 35). The motion states that the AAHC filed a frivolous complaint for eviction in order to harass Plaintiff, did so without legal merit, and obtained a void consent judgment that operates as a fraud on the court. The motion states that the AAHC violated Plaintiff's Fourteenth Amendment rights by prosecuting the frivolous complaint. The motion further states that the 15th District Court lacked jurisdiction over the complaint for eviction, and claims that the void consent judgment violates Plaintiff's right to contract under 42 U.S.C. §§ 1981 and 1982. Plaintiff argues that the AAHC is a mandatory party in the instant case with respect to the issues involving the AAHC's void consent judgment.

In his third motion (docket no. 39), Plaintiff again moves for mandatory joinder of the AAHC. He also moves for appointment of counsel and requests that this case be "remanded back to the Honorable Victoria A. Roberts" because "Defendants have not consented to allow the Magistrate Judge to proceed to jury trial."

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and provides that the court may, on just terms, permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The decision whether to permit a supplement or amendment is committed to

4

the discretion of the court.  *See Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In deciding whether to grant a motion for leave to supplement or amend a pleading, the court may consider such factors as delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.  *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

Joinder under Federal Rule of Civil Procedure 19 is mandatory if the Court is unable to accord complete relief among the parties without the party's joinder, or the party claims an interest in the action that will subject it to multiple or inconsistent obligations or that cannot be protected absent joinder.  Under these circumstances joinder is mandatory only if it will not deprive the court of subject matter jurisdiction.  Fed.R.Civ.P. 19(a)(1).

Plaintiff's motion for leave to file a supplemental complaint and his  motions for joinder of the AAHC fail to meet the standards of Federal Rules 15 and 19.  The Court concludes that it would be futile to permit Plaintiff to supplement or amend his complaint as proposed.  Furthermore, Plaintiff has not persuaded the Court that the AAHC is a required party under Rule 19.  Plaintiff's proposed supplemental claims and his motions requesting joinder generally attack the state court proceedings held in the 15th District Court.  He states that the AAHC's notice of termination was frivolous and generally complains that the state court lacked jurisdiction over the complaint for eviction and violated his rights by entering the consent order and dismissing the case with prejudice.

It is widely recognized that the Rooker-Feldman doctrine raises a jurisdictional bar that

5

prohibits a federal district court from engaging in appellate review of state court judgments and any claim "inextricably intertwined" with that judgment. *Pieper v. Am. Arbitration Ass'n,* 336 F.3d 458, 460 (6th Cir. 2003). "In practice this means that when granting relief on the federal claim would imply the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Id.* ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment.").

It is difficult to construe Plaintiff's motions as anything other than an invitation for this Court to engage in an impermissible review of the state court proceedings. The Court lacks jurisdiction to engage in such a review. Accordingly, the Court will deny Plaintiff's motion to supplement the pleadings (docket no. 27), his motion under Rule 19 and complaint for damages under 42 U.S.C. 1981, 1982, 1983 as to the Ann Arbor Housing Commission (docket no. 35), and his motion requesting mandatory joinder of the Ann Arbor Housing Authority (docket no. 39).

Plaintiff made various other requests in his motion requesting mandatory joinder. (Docket no. 39). First, Plaintiff moved for appointment of counsel. The Court will terminate this request and will address Plaintiff's request for appointment of counsel in a separate order in response to a separate motion for appointment of counsel he filed at docket no. 30.

Next, Plaintiff asks that this case be "remanded" to Judge Roberts because Defendants have not consented to trial before the undersigned. Judge Roberts referred this case to the undersigned for all *pretrial* proceedings in accordance with 28 U.S.C. § 636. The Court also notified the parties that a magistrate judge is available to conduct *all* proceedings in this action, including jury and nonjury trials, in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. (Docket entry dated

7/11/13). The Court instructed the parties that they may find the necessary consent form at http://www.mied.uscourts.gov. The consent form clearly notifies the parties that they have the right to withhold their consent without adverse consequences. Judge Roberts continues to be assigned to this case. The Court will deny Plaintiff's request to "remand" this matter to Judge Roberts.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file a supplemental complaint (docket no. 27), Plaintiff's motion under Rule 19 and complaint for damages under 42 U.S.C. 1981, 1982, 1983 as to the Ann Arbor Housing Commission (docket no. 35), and Plaintiff's motion requesting mandatory joinder of the Ann Arbor Housing Authority (docket no. 39) are **DENIED** for the reasons stated in this Order.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 13, 2014            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Joseph Olivares and Counsel of Record on this date.

Dated: March 13, 2014            s/ L. Bartlett
                                 Case Manager