UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OLIVARES,

       Plaintiff,                     CIVIL ACTION NO. 13-CV-12982

vs.

                                  DISTRICT JUDGE VICTORIA A. ROBERTS

BETH YAROCH, et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOCKET NO. 30), TERMINATING PLAINTIFF'S VERIFIED SUPPLEMENTAL COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET NO. 43), AND TERMINATING DEFENDANTS' MOTION TO STRIKE (DOCKET NO. 44)**

This matter comes before the Court on several motions. The first motion is Plaintiff's motion for appointment of counsel. (Docket no. 30). Defendants did not file a response to the motion. The second motion is entitled "Plaintiff's Verified Supplemental Complaint for Damages and Motion for Sanctions." (Docket no. 43). Defendants filed a motion to strike Plaintiff's Verified Supplemental Complaint and Motion for Sanctions. (Docket no. 44). Plaintiff has not had an opportunity to file a brief in response to Defendants' motion to strike. However, because Plaintiff's Verified Supplemental Complaint does not conform to the Federal Rules, the Court will address the Supplemental Complaint and Defendants' motion to strike same without awaiting further briefing. All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff moves for appointment of counsel "to properly investigate further statutory violations as to the notice of termination filed by Defendants to permanently remove Plaintiff from public housing." (Docket no. 30). Plaintiff is proceeding *pro se* but he has not moved for leave to proceed *in forma pauperis*.

"[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993) (internal citations and quotation marks omitted). "Appointment of counsel ... is not appropriate when a *pro se* litigant's claims are frivolous ... or when the chances of success are extremely slim." *Id*. at 606 (citations omitted). Appointment of counsel is a privilege reserved for those litigants who are unable to afford counsel. *Id.* at 604.

After considering the proper factors, the Court concludes that the appointment of counsel for Plaintiff in this action at this time is not warranted. The issues presented in this case are not unusually complex. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

Next, Plaintiff has filed a document entitled "Plaintiff's Verified Supplemental Complaint for Damages and Motion for Sanctions." (Docket no. 43). The Verified Supplemental Complaint sets forth allegations against Defendants and requests sanctions against Defendants and their attorney for violation of various state statutes, the majority of which were not specifically enumerated in the original complaint. Defendants have filed a motion to strike this document.

(Docket no. 44).

Federal Rule of Civil Procedure 15(d) states that a party may move for leave to file a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Likewise, at this stage in the proceedings Plaintiff may amend his complaint under Federal Rule of Civil Procedure 15(a) only with Defendants' written permission or the court's leave.

Plaintiff did not file a motion for leave to file the Verified Supplemental Complaint, nor did he obtain Defendants' written permission to amend the complaint. The Court will deny Plaintiff's motion for sanctions and will terminate Plaintiff's Verified Supplemental Complaint because it was filed in violation of Federal Rule of Civil Procedure 15. The Court will terminate Defendants' motion to strike in light of the above.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (docket no. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Verified Supplemental Complaint for Damages and Motion for Sanctions" (docket no. 43) is **DENIED** as to its request for sanctions and **TERMINATED** to the extent it operates as a Verified Supplemental Complaint.

**IT IS FURTHER ORDERED** that Defendants' motion to strike Plaintiff's Verified Supplemental Complaint for Damages and Motion for Sanctions (docket no. 44) is terminated.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 13, 2014            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Joseph Olivares and Counsel of Record on this date.


Dated: March 13, 2014            s/ L. Bartlett
                                 Case Manager