**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH OLIVARES,

               **Plaintiff,**              **CIVIL ACTION NO. 13-CV-12982**

    vs.

                               **DISTRICT JUDGE VICTORIA A. ROBERTS**

BETH YAROCH, et. al,           **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Rule 11 motion to strike Defendants' pleadings and for entry of judgment (docket no. 20) and Plaintiff's motion for summary judgment (docket no. 21) should be **DENIED**.

**II.**    **REPORT:**

Plaintiff filed the instant Rule 11 motion to strike Defendants' pleadings and for entry of judgment on October 28, 2013.  (Docket no. 20).  Defendants filed a response.  (Docket no. 23). Plaintiff filed a reply.  (Docket no. 28).  Plaintiff then filed a motion for summary judgment on October 29, 2013 and later filed a brief in support of his motion.  (Docket nos. 21, 24).  Defendants filed a response.  (Docket no. 29).  Plaintiff filed a reply.  (Docket no. 32).  All pretrial matters have been referred to the undersigned for action.  (Docket no. 7).  The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f).  The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(A).

A.      **Facts**

This is a *pro se* complaint under 42 U.S.C. § 1983 filed by Plaintiff Joseph Olivares.

Plaintiff was a tenant in an Ann Arbor Housing Commission (AAHC) apartment complex on Miller

Avenue in Ann Arbor, Michigan.  On July 13, 2012 the AAHC served Plaintiff with a "Grievance

Procedure for Non-Payment of Rent" and a "Notice to Quit, Termination of Tenancy."  The notices

informed Plaintiff that the AAHC was terminating his tenancy because Plaintiff had engaged in

several incidents of hostile, intimidating, and threatening behavior in violation of his lease

agreement.  (Docket no. 29, ex. D).  Plaintiff was given until August 15, 2012 to move from his

apartment or face eviction proceedings.  (Docket no. 29, ex. D).

At some unknown time the AAHC filed an action against Plaintiff in the 15th District Court

of the State of Michigan to evict Plaintiff from the apartment complex.  On August 12, 2013, the

Honorable Joseph F. Burke of the 15th District Court entered a Consent Order of Conditional

Dismissal which ordered Plaintiff to vacate the premises on or before September 13, 2013.  (Docket

no. 23, ex. A).  In accordance with the Order the AAHC was required to compensate Plaintiff

Olivares for moving expenses and, upon request of Plaintiff Olivares, provide him housing in an

AAHC unit until December 31, 2013, or in the alternative, provide a predetermined amount of rental

assistance.  On September 25, 2013 Judge Burke entered a Consent Order of Dismissal with

Prejudice, dismissing the action with prejudice and closing the case.  (Docket no. 23, ex. A).

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 in June 2013 in the 22nd

Circuit Court for the County of Washtenaw.  (Docket no. 1).  Defendants removed the action to this

Court on July 11, 2013.  The named Defendants in this action are Jennifer Hall, the Executive

Director of the AAHC, and Beth Yaroch, an employee of the AAHC and allegedly the housing

2

manager of the apartment complex on Miller Avenue. The original complaint generally alleges that Defendants harassed Plaintiff by filing a fraudulent notice of termination and unlawfully removed Plaintiff from tenancy in the Miller Avenue apartment complex. The complaint further states that Defendants caused the notice of termination and complaint for eviction to be filed after he refused Defendants' demand to undergo mental health treatment through the Ann Arbor Veteran's Hospital. Plaintiff alleges in the complaint that Defendant Yaroch and two non-parties made false statements in a mental health petition that caused him to be subjected to a two day mental health evaluation at the Veteran's Hospital. The complaint seeks monetary damages against Defendants Hall and Yaroch for damages caused in their individual capacities.

Plaintiff is a non-prisoner, he is proceeding *pro se*, and he has not moved for leave to proceed *in forma pauperis*. Therefore, his complaint is not subject to the screening provisions of 28 U.S.C. §§ 1915(e)(2) or 1915A.

**B.      Governing Law**

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*

3

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Rule 11(a), Fed.R.Civ.P., provides that every pleading and other paper must be signed by at least one attorney of record or by a party if that party is unrepresented.  Subsection (b) states that by presenting to the court such a pleading or paper, the attorney or *pro se* party certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the paper is not being presented for any improper purpose, such as to harass.  Fed.R.Civ.P. 11(b)(1).  Rule 11(c)(2) provides that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  In addition, the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed.R.Civ.P. 11(c)(2).

The Sixth Circuit has held that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention."  *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

**C.**   **Analysis**

*1.*   *Plaintiff's Rule 11 Motion to Strike Defendants' Pleadings and for Entry of Judgment*

Plaintiff moves for sanctions on the grounds that Defendants improperly removed this action to this Court.  He has claimed in various filings with this Court that the instant complaint filed in the 22nd District Court against Defendants Yaroch and Hall was intended to act as a counterclaim to the AAHC's eviction action in the 15th District Court.  Plaintiff contends that the instant complaint,

4

which he has described as a complaint for retaliatory eviction under 42 U.S.C. § 1983, should never have been removed to this Court.

In addition, since the inception of this case, Plaintiff has repeatedly asserted in various filings that this case should be transferred to Ann Arbor because it is closer to his home in Ypsilanti, Michigan and because the events giving rise to the complaint occurred in Ann Arbor.  The Court held a status conference on November 26, 2013 to address this issue with Plaintiff and defense counsel.  Defense counsel appeared at the status conference in person and Plaintiff appeared via telephone.  During the status conference the undersigned explained to Plaintiff that his case has been randomly assigned to this Court and cannot be reassigned upon his request to Ann Arbor.  The undersigned also explained that Defendants had no role in the assignment of this case.  Plaintiff confirmed at the time that he was able to take public transportation to attend any necessary hearings or trial, and he stated that he was willing and able to prosecute his case in this Court.

In the instant motion, Plaintiff moves for an order striking Defendants' answer to the complaint "as improperly filed in the wrong division of the United States District Court...."  He also asks the Court to enter judgment in his favor to remedy Defendants' fraud on the Court for improperly removing this action to this Court.  Plaintiff brought his motion under Federal Rule of Civil Procedure 11.  Since Plaintiff has not shown that he complied with the twenty-one day safe harbor provision of Rule 11, nor provided any grounds upon which this Court should grant relief on his motion, the motion should be denied.

2.      *Plaintiff's Motion for Summary Judgment*

In his motion for summary judgment, Plaintiff argues that he has been injured by the eviction proceedings and loss of his public housing.  He contends that the notice of termination filed in the

15th District Court gives rise to violations of his constitutional rights and his rights under the Fair Housing Act. He also claims that the 15th District Court conducted a nonjury trial in violation of his right to a trial by jury.

Plaintiff attempts to continue litigating the circumstances leading to his eviction from public housing. It is widely recognized that the Rooker-Feldman doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state court judgments and any claim "inextricably intertwined" with that judgment. *Pieper v. Am. Arbitration Ass'n,* 336 F.3d 458, 460 (6th Cir. 2003). The doctrine is applicable even where the losing party in the state court proceeding alleges that the state court's action was unconstitutional. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "In practice this means that when granting relief on the federal claim would imply the state-court judgment ... was incorrect, federal courts do not have jurisdiction." *Pieper*, 336 F.3d at 460 ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment.").

This Court lacks jurisdiction to enter a ruling that calls into question the validity of the orders entered in the 15th District Court eviction proceeding. Furthermore, Plaintiff has sued Defendants Yaroch and Hall in their individual capacities. However, it was Defendants' employer, the AAHC, that filed the eviction proceeding in state court. Plaintiff's motion for summary judgment does not provide any basis for granting him relief and entering judgment in his favor against the instant Defendants. The Court should deny Plaintiff's motion.

## III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 17, 2014          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Joseph Olivares and Counsel of Record on this date.

Dated: March 17, 2014          s/ L. Bartlett
                               Case Manager