UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OLIVARES,

   Plaintiff,      CIVIL ACTION NO. 13-CV-12982

 vs.

             DISTRICT JUDGE VICTORIA A. ROBERTS

JENNIFER HALL: (individually)
Executive Director for Ann Arbor Housing Commission
BETH YAROCH: (individually)
Housing Director East

   Defendants.
_____/

## ORDER

**I. INTRODUCTION**

Before the Court is a Report and Recommendation by Magistrate Judge Mona K. Majzoub which addresses two separate motions filed by Plaintiff Joseph F. Olivares, *in pro per.*

The first is a motion to strike. Olivares filed this motion under Fed. R. Civ. P. 11, and seeks to strike Defendants' Answer and Notice of Removal. Reading Olivares' motion liberally, he wants this case remanded to the 22d District Court of the State of Michigan. Olivares claims that he attempted to serve the motion to strike on Defendants' counsel via e-mail.

The second is a motion for summary judgment under Fed. R. Civ. P. 56. Olivares wants the Court to hold that the Defendants' actions leading to his eviction from public housing were "fraudulent". He seeks monetary damages against Defendants.

1

Magistrate Judge Majzoub recommends that the Court deny Olivares' motion to strike because he failed to comply with the twenty-one day "safe harbor" provision of Fed. R. Civ. P. 11(c)(2).

She also recommends that the motion for summary judgment be denied under the *Rooker-Feldman* doctrine, since the motion requires the Court to conduct an appellate review of a state court decision.

The Court **ACCEPTS** the Report and Recommendation.

II. **BACKGROUND**

The Ann Arbor Housing Commission ("AAHC") filed an action against Olivares in the 15th District Court of the State of Michigan to evict Plaintiff from the Miller Avenue apartment complex. After a bench trial, the verdict was in favor of the AAHC. This decision was reversed on appeal. Upon remand, Plaintiff and AAHC settled their differences.

On August 12, 2013 the 15th District Court entered a Consent Order of Conditional Dismissal. Plaintiff voluntarily agreed to move out of the Miller Avenue apartment complex, and AAHC was required to provide him housing in one of its other properties until December 31, 2013.

On September 25, 2013 the 15th District Court entered a final Consent Order of Dismissal with Prejudice.

While the underlying case was being resolved, Olivares filed a complaint under 42 U.S.C. § 1983 in the 22nd District Court of the State of Michigan against Jennifer Hall, Executive Director for AAHC, and Beth Yaroch, Housing Director, individually. The allegations pertained to their treatment of him while he lived at the Miller Avenue

apartment complex. Neither defendant was a party to the AAHC litigation. Defendants removed the action to this Court on July 11, 2013.

Olivares has said that the complaint filed in the 22nd District Court against Yaroch and Hall was intended to act as a counterclaim to the Ann Arbor Housing Commission's "unlawful" eviction action in the 15th District Court.

### III.  MOTION TO STRIKE VIA RULE 11 SANCTIONS

#### A. Standard of review for nondispositive orders

Olivares' motion to strike Defendants' pleadings is a nondispositive motion.

Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) magistrate judges are afforded broad discretion in deciding nondispositive motions. However, both parties are free to file objections to the magistrate judge's order with the district court. *Id.*

The Court follows the "clearly erroneous" and the "contrary to law" standards when reviewing a magistrate judge's nondispositive order. *Brownlow v. GMC*, 2007 U.S. Dist. LEXIS 67973, 2007 WL 2712925 (W.D. Ky. Sept. 13, 2007) (review of a discovery order by the Magistrate Judge); *See also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In considering Olivares' objections to Magistrate Judge Majzoub's order on the motion to strike, this Court will reject the Report and Recommendation if the Court has a definite and firm conviction that Magistrate Judge Majzoub made a mistake. *Id.* This Court can modify or set aside any portion of the Report and Recommendation that is clearly erroneous or contrary to law. *Id.*

#### B. Jurisdiction

Olivares implies that this Court has no jurisdiction over this case; that is not true. Olivares alleges that Defendants deprived him of his federal civil rights by fraudulently

terminating his lease. He asserts a cause of action under 42 U.S.C. § 1983, a federal statute. The Court has original jurisdiction under 28 U.S.C. § 1331.

Olivares also pleads state claims under MCL 330.1706 and MCL 330.1722 which arise from the same nucleus of operative facts as his federal claims. Under 28 U.S.C. § 1367, this Court is allowed to exercise jurisdiction over these state law claims.

Under 28 U.S.C. §1441 Defendants are allowed to remove this civil action, originally filed in state court, to a federal district court of the United States that has original jurisdiction.

Venue is proper because this Court is located within the same district as the 22nd District Court, where a substantial part of the events giving rise to this claim occurred. 28 U.S.C. § 1391(b)(2).

Jurisdiction is proper; removal is proper as well.

**C. Analysis**

Olivares says that Defendants improperly removed his case to the wrong division of the United States District Court; he seeks Fed. R. Civ. P. 11 sanctions against them for this alleged impropriety.

Fed. R. Civ. R. 11(c)(1) allows a court to impose sanctions on a party who violates any of its provisions. The safe harbor provision absolutely requires that any party moving for sanctions serve the motion on the other party twenty-one days before filing with the court; and, the motion must be made separately from any other motions. Fed. R. Civ. P. 11(c)(2).

Defendants say Olivares failed to properly serve the motion twenty-one days before filing it.

4

Service must comply with Fed. R. Civ. P. 5.  Service by e-mail without written consent by both parties does not suffice.  *Paragon Mktg. Group, L.L.C. v. Nadair*, 2007 U.S. Dist. LEXIS 2594, 2007 WL 128920  (E.D. Mich. Jan. 12, 2007)(citing *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).  *See also* Fed. R. Civ. P. 5(b)(2)(E).

Olivares makes no showing that his motion was properly served on Defendants twenty-one days before filing it.  He argues that service was made via e-mail, but he fails to present any evidence that Defendants agreed to service by e-mail.

Since Olivares violated the safe harbor provision of Fed. R. Civ. P. 11(c)(2), Magistrate Judge Majzoub's decision to deny his motion to strike was not erroneous.

## IV.   MOTION FOR SUMMARY JUDGMENT

### A. Standard of review for dispositive orders

Olivares' motion for summary judgment is a dispositive motion.

Under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. Pro. 72(b), a magistrate judge may issue a proposed finding in response to a motion for summary judgment.  *Id.* at § 636(b)(1)(B).  The parties can file objections to the Report and Recommendation within 10 days.  28 U.S.C. § 636(b)(1)(C).  The Court must make a *de novo* determination of any objections filed by the parties.  *Id.*

The *de novo* standard of review contrasts with the "clearly erroneous" standard because the magistrate judge has no authority to make a final or binding disposition regarding the motion.  *Victoria's Secret Stores v. Artco Equip. Co.,* 194 F. Supp. 2d 704, 2002 U.S. Dist. LEXIS 5730 (S.D. Ohio 2002); *See also United States v. Raddatz,* 447 U.S. 667, 673-74 (1980).

The Court is not bound in any way to the magistrate's recommendation. *Id.* After the Court reviews the record, it is free to accept, reject, or modify any of the magistrate's findings, or to a make a different determination altogether. *Id.*

**B. Analysis**

Defendants say Olivares failed to meet his burden to establish a genuine issue of any material fact that would entitle him to judgment as a matter of law. Fed. R. Civ. P. 56.

Olivares' original complaint filed in the 22nd District Court generally alleges that Defendants harassed him by filing a fraudulent notice of termination which led to his unlawful eviction and deprivation of civil rights. Plaintiff argues that he was injured by the eviction proceedings and the loss of his public housing.

Olivares also claims the 15th District Court conducted a nonjury trial in violation of his right to a trial by jury.

In his motion for summary judgment Olivares attempts to continue litigating the circumstances leading to his eviction, a case settled in the 15th District Court.

The United States Supreme Court established the *Rooker-Feldman* doctrine as a limitation on subject matter jurisdiction in federal district courts. *Rooker v. Fidelity Trust Co.* 263 U.S. 413, 444 (1923) and *Dist. Of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, (1983). The doctrine prohibits a federal district court from engaging in appellate review of state court judgments and any claim "inextricably intertwined" with that judgment. *Id.* at 482.

Even though Plaintiff claims his constitutional rights have been infringed, he is in essence calling upon the Court to review the 15th District Court's decision and to

determine that the settlement leading to his eviction was incorrect. Federal courts do not have jurisdiction to do this; federal courts cannot become a court of appeals for state court decisions.

Magistrate Judge Majzoub was correct in recommending that Olivares' motion for summary judgment be denied. The *Rooker-Feldman* doctrine bars the Court from entering a ruling that calls into question the validity of the judgment made by the 15th District Court.

## V. CONCLUSION

The Court **ADOPTS** Magistrate Judge Majzoub's recommendation and **DENIES** Plaintiff's Fed. R. Civ. P. 11 Motion to Strike.

The Court **ACCEPTS** Magistrate Judge Majzoub's recommendation and **DENIES** Plaintiff's Fed. R. Civ. P. 56 Motion for Summary Judgment.

**IT IS ORDERED.**


Dated: June 25, 2014          /s/ Victoria A.Roberts
                              VICTORIA A. ROBERTS
                              UNITED STATES DISTRICT JUDGE

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 25, 2014.

s/Linda Vertriest
Deputy Clerk