UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

        Plaintiff,                        CIVIL ACTION NO. 13-cv-12982

v.                                        DISTRICT JUDGE VICTORIA A. ROBERTS

BETH YAROCH and                MAGISTRATE JUDGE MONA K. MAJZOUB
JENNIFER HALL,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed by Plaintiff Joseph F. Olivares pursuant to 42 U.S.C. § 1983. Before the Court is Defendants Beth Yaroch and Jennifer Hall's Motion for Summary Judgment. (Docket no. 58.) Plaintiff filed a "Rebuttal to Defendant's [sic] Motion and Brief" (docket no. 62), to which Defendants replied (docket no. 64).[1] Also before the Court is Plaintiff's Motion for Extension of Time (docket no. 66), to which Defendants have responded (docket no. 69). This action has been referred to the undersigned for all pretrial proceedings. (Docket no. 7.) The Court has reviewed the pleadings, dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff has seemingly filed three responses to Defendants' Motion and a sur-reply to Defendants' Reply brief: "Plaintiff's Rebuttal to Defendant's [sic] Motion and Brief (docket no. 62), "Amended Rebuttal in Motion" (docket no. 63), "Plaintiff's Brief in Support of Defendant's [sic] Motion for Judgment on the Pleadings and Rebuttal in Motion" (docket no. 67), and Plaintiff's Rebuttal to Defendant's [sic] Motion in Response" (docket no. 68). Plaintiff did not seek leave of court before filing the purported additional responses and sur-reply at docket nos. 63, 67, and 68 in violation of Eastern District of Michigan Local Rule 7.1(c)(3). Plaintiff's *pro se* status does not absolve him from adhering to the Local Rules of this Court; accordingly, these filings were not considered for purposes of this Report and Recommendation. A brief review of these documents, however, revealed no arguments or evidence that would enable Plaintiff's claims to survive the instant Motion for Summary Judgment.

## I. RECOMMENDATION

For the reasons that follow, it is recommended that Defendants' Motion for Summary Judgment (docket no. 58) be **GRANTED**, Plaintiff's Motion for Extension of Time (docket no. 66) be **DENIED** as moot, and this matter be dismissed in its entirety with prejudice. Defendants' request for costs and fees should be denied.

## II. REPORT

### A. Background

Plaintiff was a tenant in an Ann Arbor Housing Commission (AAHC) apartment complex on Miller Avenue in Ann Arbor, Michigan. On July 13, 2012, the AAHC served Plaintiff with a "Grievance Procedure for Non-Payment of Rent and Non-Criminal Cases" and a "Notice to Quit, Termination of Tenancy." (Docket no. 58-4.) The notices informed Plaintiff that the AAHC was terminating his tenancy because Plaintiff had engaged in several incidents of hostile, intimidating, and threatening behavior in violation of his lease agreement. (*Id.*) Plaintiff was given until August 15, 2012 to move from his apartment or face eviction proceedings. (*Id.*)

At some unknown time, the AAHC filed an action against Plaintiff in the 15th District Court of the State of Michigan to evict Plaintiff from the apartment complex. On August 12, 2013, the Honorable Joseph F. Burke of the 15th District Court entered a Consent Order of Conditional Dismissal that ordered Plaintiff to vacate the premises on or before September 13, 2013. (Docket no. 58-6 at 9-11.) In accordance with the Order, the AAHC was required to compensate Plaintiff for moving expenses and, upon Plaintiff's request, provide him housing in an AAHC unit until December 31, 2013, or in the alternative, provide a predetermined amount of rental assistance. (*Id.* at 10.) On September 25, 2013, Judge Burke entered a Consent Order of

Dismissal with Prejudice, dismissing the action with prejudice and closing the case. (*Id.* at 17-18.)

In June 2013, while the summary eviction proceeding was pending in the 15th District Court, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 in the 22nd Circuit Court for the County of Washtenaw, Michigan. (Docket no. 1-2). Defendants removed the action to this Court on July 11, 2013. (Docket no. 1.) The named Defendants in this action are Jennifer Hall, the Executive Director of the AAHC, and Beth Yaroch, an employee of the AAHC and the property manager of the apartment complex on Miller Avenue. Plaintiff seeks monetary damages against Defendants for damages caused in their individual capacities, which allegedly resulted from the events surrounding, and including, his eviction from the apartment complex.

**B.  Governing Law**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] (Docket no. 58.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[2] Plaintiff argues that Defendants' Motion is untimely because it was not filed within the time allotted for a responsive pleading. (Docket no. 62 at 11.) Plaintiff is incorrect; the deadline for filing a dispositive motion in this matter was November 14, 2014. Defendants timely filed their Motion on this date. Plaintiff also argues that the Motion should be struck because Defendants have not complied with Rule 56(a) "by their arguments in this matter." (*Id.*) Plaintiff has provided no basis for striking Defendants' Motion. Plaintiff's argument fails.

3

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

#### 1. Defendants' Motion for Summary Judgment [58]

##### a. Plaintiff's Section 1983 Claim

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendants were persons acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether Defendants deprived Plaintiff of a constitutional right. The sole constitutional violation set forth by Plaintiff in his Complaint, albeit obscure, is that Defendants unlawfully removed Plaintiff from tenancy in the Miller Avenue apartment complex because of

his conduct at the complex's resident council meetings in violation of his First Amendment Rights.[3] (Docket no. 1-2 ¶ 7.)[4]

Defendants argue that Plaintiff's claim fails because (1) they have reasonable explanations for their eviction of Plaintiff; (2) Plaintiff has offered no additional proofs to support his conclusory allegations; (3) Plaintiff admitted that this claim is no longer relevant to this case in his deposition; (4) "Plaintiff's complaint fails to provide any causal connection between th[is] allegation[] and the eviction proceedings against him by AAHC;" and (5) Defendants are entitled to qualified immunity. (Docket no. 58 at 13-18.)

Plaintiff's claim is, essentially, an attempt to continue litigating the circumstances leading to his eviction from public housing. At first glance, it may seem as if this Court lacks jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine. It is widely recognized that the Rooker-Feldman doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state court judgments and any claim "inextricably intertwined" with that judgment. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003). The Rooker-Feldman doctrine, however, "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). Here, the instant matter was commenced in this Court in July 2013, before the entry of the state-court consent judgment in August 2013. Accordingly, the Rooker-Feldman doctrine does not apply to this matter.

---

[3] In his Response to Defendants' Motion (docket no. 62), Plaintiff purportedly raises several new claims, including a Fourteenth Amendment due process claim. The Court will not address these claims, as it is improper to raise new claims in a response to a dispositive motion.

[4] In Plaintiff's Complaint there are two paragraphs marked as number 7. This citation references the second paragraph number 7.

5

Since the state-court matter was adjudicated in August 2013 via consent judgment, the disposition of the instant federal action is governed by preclusion law. *Exxon Mobil*, 544 U.S. at 293. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give" and apply state law in determining the preclusive effect. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523-24 (1986) (citations omitted); *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). This requirement holds true even where state-court judgments are challenged under 42 U.S.C. § 1983. *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984) ("[P]etitioner's state-court judgment in this [Section 1983] litigation has the same claim preclusive effect in federal court that the judgment would have in the [] state courts," regardless of whether the federal claim was litigated in the state courts.) Therefore, under *Migra*, this Court must determine whether Plaintiff's Section 1983 claim would be precluded from judicial review under Michigan's doctrine of *res judicata*.

In Michigan, the doctrine of *res judicata* bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W. 2d 222, 225 (Mich. 2001). Michigan courts take a broad approach to this doctrine and find that it bars not only claims already litigated, but also "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citation omitted). In the context of summary eviction proceedings, such as the instant matter, Michigan's broad approach to *res judicata* is limited by statute, MCL § 600.5750. According to the Michigan Supreme Court, under MCL § 600.5750, a judgment in summary proceedings does not

bar other claims for relief, except for claims involving the issues actually litigated in the summary proceedings. *J.A.M. Corp. v. AARO Disposal, Inc.*, 600 N.W.2d 617, 621-22 (Mich. 1999); *Sewell*, 621 N.W.2d at 225.

Applying Michigan's doctrine of *res judicata* as limited by MCL § 600.5750 to the instant matter, Plaintiff's Section 1983 claim is barred from this Court's review for the following reasons. First, the requirement that the prior action be decided on the merits is satisfied, as the Michigan Court of Appeals "has clearly held that *res judicata* applies to consent judgments." *LaVoy v. Alt. Loan Trust 2007-4CB*, 2014 WL 783497, at *7 (Mich. Ct. App. Feb. 25, 2014) (citing *Ditmore v. Michalik*, 625 N.W.2d 462, 466 (Mich. Ct. App. 2001)). Next, the requirement that both actions involve the same parties or their privies is also satisfied. Plaintiff, the party against whom *res judicata* is being asserted was the defendant in the summary eviction proceeding. Defendants are both employees of the AAHC, and under Michigan law, individual defendants are in privity to prior lawsuits involving their governmental employer. *O'Leary v. Charter Twp. of Flint*, No. 09-13075, 2010 WL 2870400, at *6 (E.D. Mich. Jul. 21, 2010) (citing cases).

Finally, the third requirement of Michigan's *res judicata* doctrine, as limited by MCL § 600.5750, is satisfied. Plaintiff's claim that Defendants violated his First Amendment rights by initiating eviction proceedings against him because of his conduct at the apartment complex's resident council meetings is a direct challenge to the propriety of the eviction itself. Yet, by agreeing to the entry of the August 12, 2013 consent judgment, Plaintiff acknowledged and conceded the validity of the eviction. *See LaVoy*, 2014 WL 783497, at *8; *see also Sewell*, 621 N.W.2d at 225 (holding that a state district court consent judgment issued in a summary possession proceeding is conclusive on the issue of whether eviction was proper). Plaintiff was

advised of his right under Michigan Court Rule 4.201(I) to move to set aside the judgment, and he did not do so. Accordingly, *res judicata* bars relitigation of the propriety of the eviction proceeding, and Plaintiff's Section 1983 claim is so barred. Defendants' Motion for Summary Judgment should be granted on this issue.

b. <u>Plaintiff's State Law Claims</u>

Along with his constitutional allegation, Plaintiff sets forth several state law claims against Defendants, many of which are related to the legitimacy of his eviction. For example, Plaintiff alleges that Defendants harassed Plaintiff by filing a fraudulent notice of termination of tenancy, "are seeking to unlawfully remove Plaintiff from tenancy at Miller through abuse of the Landlord Tenant Act," and "are retaliating against Plaintiff for removing [] residents from the resident council." (Docket no. 1-2 ¶¶ 4-5.) Plaintiff also alleges that Defendant Hall authorized the filing of a "fraudulent notice of termination [and] complaint for eviction against Plaintiff" after Plaintiff refused to undergo medical treatment at the Ann Arbor Veteran's Hospital on October 2, 2012. (*Id.* ¶ 6.)[5] Next, Plaintiff alleges that Defendant Yaroch and two non-parties made false statements in a Petition/Application for Hospitalization that caused Plaintiff to be "restrained" for two days and subjected to a mental health evaluation at the Veteran's Hospital; Plaintiff alleges that he suffered emotional distress as a result. (*Id.* ¶ 8.) Further, Plaintiff asserts that in signing the "fictitious" Petition, Defendant Yaroch violated (1) MCL 330.1748a by attempting to breach Plaintiff's confidentiality through an independent medical exam; (2) MCL 330.1706 by failing to provide Plaintiff with a notice of his rights as a recipient of mental health services; and (3) MCL 330.1722 because she lacked the authority to sign the Petition. (*Id.* ¶¶ 8,

---

[5] In Plaintiff's Complaint there are two paragraphs marked as number 6. This citation references the second paragraph number 6.

8

10-11.) Finally, Plaintiff alleges that Defendant Hall told another resident in Plaintiff's apartment building to hit Plaintiff, which resulted in physical injuries to Plaintiff. (*Id.* ¶¶ 12-13.)

Plaintiff's state law claims regarding the propriety of his eviction should be dismissed for the same reasons as his federal claim. Additionally, 28 U.S.C. § 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. As recommended above, Plaintiff's federal claim should be dismissed. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

As discussed herein, Plaintiff's claims regarding the legitimacy of the eviction proceedings are barred by *res judicata*, and the Court should decline to exercise jurisdiction over Plaintiff's remaining claims. It is, therefore, recommended that Defendants' Motion for Summary Judgment be granted.[6]

   2.   *Plaintiff's Motion for Extension of Time [66]*

On December 1, 2014, Plaintiff filed a "Motion for Extension of Time as to December 19th 2014 Deadline in Request for Stay, in Criminal Complaint as to Beth Yaroch [sic] Exhibit I to Which Plaintiff is Now Ordering Transcript as to Sworn Testimony by Beth Yaroch in Open Court on April 29th 2014 in Case No. 13-146-MI." (Docket no. 66.) In this Motion, Plaintiff asserts that Defendants filed Exhibit "I" to their Motion for Summary Judgment, a Petition/Application for the Hospitalization of Plaintiff completed and signed by Defendant

---

[6] Because it is recommended that this matter be dismissed under preclusion law and on jurisdictional grounds, the Court did not reach the issues of whether Defendants deprived Plaintiff of a constitutional right or whether Defendants are entitled to qualified immunity.

9

Yaroch, "as a fraud on the court, in representing that Beth Yaroch only filed the Request for Hospitalization and no further." (*Id.* at 1 (emphasis omitted).) Plaintiff asserts that Defendant Yaroch also testified regarding the hospitalization of Plaintiff at an April 29, 2014 hearing before Judge Wheeler in Case No. 146-MI. (*Id.*) Plaintiff seeks an extension of the deadline for his response to Defendants' Motion for Summary Judgment from December 19, 2014 to January 30, 2015 to file the transcript of the aforementioned hearing.

Plaintiff's Motion is now moot for two reasons. First, in January 2015, the Court received the transcript of a Mental Health Hearing in the matter of Joseph Olivares, Case No. 13-146-Ml, held on April 29, 2013 before the Honorable Nancy C. Francis in the Washtenaw County Circuit Court, at which Beth Yaroch testified on behalf of the AAHC. Although the name of the presiding judge and the hearing date are slightly different than that stated by Plaintiff, the transcript received by the Court appears to be the transcript for which Plaintiff is seeking an extension of time. Moreover, Plaintiff's Motion is moot in light of the recommendation that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed in its entirety. Accordingly, Plaintiff's Motion for Extension of Time should be denied as moot.

### D. Conclusion

For the above-stated reasons, it is recommended that the Court **GRANT** Defendants' Motion for Summary Judgment (docket no. 58), **DENY** Plaintiff's Motion for Extension of Time (docket no. 66) as moot, and dismiss this matter in its entirety with prejudice. The Court should deny Defendants' request for costs and fees.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 23, 2015         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Joseph F. Olivares and counsel of record on this date.

Dated: July 23, 2015          s/ Lisa C. Bartlett
                                           Case Manager